55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Handy BLAKE, Appellant.
 No. 94-3072.
 United States Court of Appeals, District of Columbia Circuit.
 May 22, 1995.
 
 Before: BUCKLEY, SENTELLE, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C. Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The district court properly determined, based on the totality of the circumstances, that probable cause existed to arrest the appellant. Investigator Cook's decision to arrest Blake was based upon a series of individual facts viewed from the perspective of a police officer experienced in drug interdiction. See United States v. Prandy-Binett, 995 F.2d 1069, 1071 (D.C. Cir. 1993), cert. denied, 114 S. Ct. 1196 (1994). Cook was aware that Blake was travelling from New York, a "source" city for narcotics. Blake had paid cash for a room in the sleeping car. Also, he had purchased a one-way train ticket to North Carolina, yet left a reservation call-back phone number in New York. Further, no one by the name of "F. Johnson," under which Blake made his reservation, was known at the call-back number. Blake reserved his room at midnight, an unusual time to make train reservations. Blake carried no identification. He had been in New York for "a few days," but apparently carried only a coat, the clothes that he wore, and a new sweat suit. See id. at 1072-73 (carrying few possessions a factor in determining probable cause). Blake carried with him a piece of cardboard that included the name "F. Johnson", and paused when asked his first name. These combined circumstances aroused Cook's suspicions.
 
 
 5
 Finally, a consensual search of Blake revealed a large bundle in his crotch area. See United States v. Rodney, 956 F.2d 295, 297 (D.C. Cir. 1992) (noting crotch area as a frequent hiding place for narcotics). Based upon the location of the bundle, its feel, and the circumstances leading to its discovery, Cook immediately concluded that Blake was carrying contraband. The district court's finding that Cook recognized the bundle as crack is not "clearly erroneous." See Minnesota v. Dickerson, 113 S. Ct. 2130, 2138 (1993) (officer's warrantless seizure of object identified as contraband during lawful search is justified where feel of the object made its identity "immediately apparent"); United States v. Ashley, 37 F.2d 678, 681 (D.C. Cir. 1994) (finding of probable cause not clearly erroneous where officer, based upon experience, immediately recognized object in defendant's groin as crack cocaine). Accordingly, the seizure of drugs was supported by probable cause.